Nash, J.
 

 This is an action of trespass for an assault and battery, to which the defendant pleaded the general issue. After the jury were charged with the cause and the evidence closed, the defendant moved the Court to non-suit the plaintiff, “because there was an error in one of the dates of the original writ.” The Court refused the motion, and very correctly. After pleading in chief the defendant came too late to make the objection.
 

 The plaintiff on the trial, having produced evidence to
 
 *300
 
 prove the assault and battery, the defendant’s counsel, on his cross examination of the witnesses, endeavored to show, that the conduct of the defendant arose from momentary excitement, and not from malice or ill will towards the plaintiff. The plaintiff then proposed to prove, that, after the commencement of this suit, the defendant met him at the Court House and offered to fight him. This evidence was objected to by the defendant’s counsel, but was admitted by the Court. We agree with his Honor in its competence.
 

 It is a prominent rule of evidence, that testimony shall be confined to the issue, and be material and relevant to it; and the Court will carefully, as far as they can, guard the jury from hearing evidence that is not relevant, as tending to withdraw their attention from the proper enquiry before them. The rule is often of difficult application — the relevancy or irrelevancy of the testimony sometimes depending on something to be proved at a future stage of the trial. In such case, if such evidence has been inadvertently admitted, the correction is with the Judge, who ought to direct the jury to throw it aside in making up their verdict; and, if he has reason to believe that they have been influenced by it, to grant a new trial. But testimony, which is irrelevant in chief, may be l’en* dered relevant by the course pursued by the opposite party. Thus a party cannot sustain his witness by showing, that he has at other limes made the same statement, until his testimony has been attacked.
 
 State
 
 v.
 
 George,
 
 8 Ire. 328. So, on an indictment for larceny, the State cannot give evidence, that the character of the defendant is bad, until he has opened the door to the investigation by offering evidence of his good character. In both these cases, the evidence may be rendered competent, as well by a cross examination as by introducing other witnesses. In the present case, the plaintiff seeks to recover damages for an assault and battery committed on him- by the
 
 *301
 
 defendant. As a general rule, he has a right to expect and receive from the jury a fair compensation for the injury really sustained. But he is not restricted to this measure> but, in addition to it, the jury may give him what are called exemplary damages by way of punishment of the defendant, when it appears, that the latter was actuated by malice.
 
 Causer
 
 v.
 
 Ander, 4
 
 Dev. & Bat. 246. The existence of malice on the part of the defendant, at the time the trespass was committed, was a legitimate subject of enquiry by the jury, and necessarily entered into a proper discharge of their duties. It may be shown in different ways: thus, on indictments for murder, when malice is an essential ingredient in constituting the crime» previous threats is a common and familiar mode of showing it. So, in assault and battery,
 
 Sledge
 
 v.
 
 Pope, 2
 
 Hay. 402. The evidence objected to here was of an offer to fight the plaintiff after the battery, for which the action was brought, and after its institution. This, as evidence in chief, was not admissible, but was rendered so by the course pursued by the defendant. It was a fact the party had a right to lay before the jury, in reply to the defendant’s evidence, that he had no malice against the plaintiff. This constitutes the difference between this case and that of
 
 Green
 
 v.
 
 Cawthorn, 4
 
 Dev. 409. There the rejected testimony was offered in chief.
 

 We see no error committed by the presiding Judge.
 

 Per Curiam.
 

 Judgment affirmed.